# IN THE UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION

| | |
|---|---|
| FRONTLINE PLACEMENT TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> PMP WILLSUB, LLC; PMP EDUCATION PARTNERS, INC.; PROFESSIONAL MEDICAL PLACEMENT, INC. d/b/a PMP CORPORATION; and MILLENNIUM DATA SERVICES, INC., d/b/a WILLSUB.COM, <br><br> Defendants. | Civil Action No.: 2:07-cv-14872 <br><br> Hon. Paul D. Borman <br> Magistrate Judge Virginia M. Morgan |

## AMENDED COMPLAINT AND JURY DEMAND

Plaintiff Frontline Placement Technologies, Inc. ("Frontline"), through its counsel, for its Amended Complaint ("Complaint") against PMP Willsub, LLC; PMP Education Partners, Inc; Professional Medical Placement, Inc. d/b/a PMP Corporation; and Millennium Data Services, Inc. d/b/a WillSub.com (collectively, "Defendants") alleges as follows:

### JURISDICTION AND VENUE

1.  This is an action for patent infringement arising under the Patent Laws of the United States including, without limitation, 35 U.S.C. §§ 271, 281, 283, 284, and 285.

2.  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1338(a) and 1331.

3.  This Court has personal jurisdiction over Defendants.  Upon information and belief, Defendants are Michigan corporations and have principal places of business in Michigan.

Upon information and belief, Defendants acting alone or in concert with third parties, are engaged in substantial and not isolated activities within Michigan, including knowingly selling and/or endorsing infringing services to third parties for use in Michigan. Defendants, acting alone or in concert with third parties, are making, using, selling, offering for sale, and/or endorsing infringing systems and methods in the State of Michigan. Defendants, acting alone or in concert with third parties, have intentionally caused, and continue to cause, injury in Michigan.

4.  Venue is proper under 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b).

## THE PARTIES

5.  Frontline is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, having its principal place of business at 397 Eagleview Boulevard, Exton, Pennsylvania 19341.

6.  Frontline is in the business of providing services and technologies that facilitate locating substitute workers to fill scheduled worker absences.

7.  Upon information and belief, PMP Willsub, LLC is a limited liability company organized under the laws of the State of Michigan, having a place of business at 1170 Bay View Road, Petoskey, MI 49770.

8.  Upon information and belief, PMP Education Partners, Inc., is a corporation organized under the laws of the State of Michigan, having a place of business at 1170 Bay View Road, Petoskey, MI 49770.

9.  Upon information and belief, Professional Medical Placement, Inc., d/b/a PMP Corporation, is a corporation organized under the laws of the State of Michigan, having a place of business at 1170 Bay View Road, Petoskey, MI 49770.

10. Upon information and belief, Millennium Data Services, Inc., is a corporation organized under the laws of the State of Michigan, having a place of business at 1338 Pine Point Drive, Lewiston, MI 49756.

11. Upon information and belief, PMP Willsub, LLC and Millennium Data Services, Inc., do business under the name of WillSub and operate a Web site located at the World Wide Web address http://www.WillSub.com that competes with Frontline in the market for providing substitute worker location services.

12. Upon information and belief, PMP Education Partners, Inc., and Professional Medical Placement, Inc., d/b/a PMP Corporation, assisted and/or conspired with the remaining defendants, or otherwise participated in the same unlawful conduct and activities as alleged herein.

## FACTUAL BACKGROUND

13. In 1998, Frontline developed a system, referred to as AESOP, that facilitates automated posting of worker absences and scheduling of substitute workers to fill those absences. Users access the AESOP system via the Internet using a Web interface or via a telephone interactive voice response (IVR) system. Customers access AESOP to post worker absences for which substitutes are needed. Substitute workers access AESOP to search for posted worker absences and to commit to filling vacancies.

14. Since creating AESOP, Frontline has been the fastest-growing automated substitute placement company in the education market, currently serving over 2300 school districts in over 47 states. AESOP has been embraced internationally as well and is used by customers in Canada, Russia, and the United Kingdom.

15. Upon information and belief, Defendants acting alone or in concert with third parties, have implemented systems and services, including those referred to as WillSub, that compete against Frontline and Frontline's AESOP system. Defendants' systems and services include features and functions that were originally developed by Frontline and first appeared in Frontline's AESOP system.

### Frontline's 151 Patent

16. On January 6, 2004, U.S. Patent No. 6,675,151 (the "151 patent"), titled "System and Method for Performing Substitute Fulfillment Information Compilation and Notification," was duly and legally issued by the United States Patent and Trademark Office ("PTO") in the names of Roland R. Thompson and Michael S. Blackstone. A true and correct copy of the 151 patent is attached as Exhibit A.

17. Frontline is the assignee and owner of all rights, title, and interest in and to the 151 patent, including the right to assert all causes of action arising under the 151 patent and the right to any remedies for infringement of the 151 patent.

### Suspense of the Present Action

18. Frontline filed a Complaint against Defendants in the present action on November 13, 2007. The Complaint included a count for infringement of the 151 patent.

19. On May 5, 2008, the Court entered a Stipulation and Order to stay the proceedings pending an ex parte reexamination of the 151 patent that had been initiated at the PTO.

20. Defendants have not filed an Answer to the Complaint of November 13, 2007.

### Reexamination of the 151 Patent

21.  During reexamination of 151 patent, the PTO reexamined claims 3 through 13 of the originally issued 151 patent. Claims 14 through 55 were added to the 151 patent during the reexamination proceedings.

22.  On October 20, 2009, the PTO issued a reexamination certificate ("reexam certificate") specifying that amended claims 3, 6, and 9, and added claims 14 through 55, as listed in the reexam certificate, are patentable over the references considered during the reexamination. A true and correct copy of the PTO's reexam certificate is attached hereto as Exhibit B.

### Frontline's 519 Patent

23.  On September 30, 2008, while the ex parte reexamination of the 151 patent was proceeding at the PTO, U.S. Patent No. 7,430,519 (the "519 patent"), titled "Substitute Fulfillment System," was duly and legally issued by the PTO in the names of Roland R. Thompson, Michael S. Blackstone, and Ralph Julius. A true and correct copy of the 519 patent is attached as Exhibit C.

24.  The 519 patent is a continuation-in-part of the 151 patent.

25.  Frontline is the assignee and owner of all rights, title, and interest in and to the 519 patent, including the right to assert all causes of action arising under the 519 patent and the right to any remedies for infringement of the 519 patent.

### COUNT FOR INFRINGEMENT OF THE 151 PATENT

26.  Frontline incorporates herein the allegations set forth in paragraphs 1-25 above.

27.  This is a cause of action for infringement of the reexamined 151 patent and arises under the Patent Laws of the United States, 35 U.S.C. § 271.

28. Upon information and belief, Defendants have infringed and continue to infringe the reexamined 151 patent under at least 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by making, using, selling, and/or offering to sell in the United States, and/or importing into the United States, systems, components, and/or methods for substitute placement, including without limitation, systems, components, and methods associated with WillSub.

29. Upon information and belief, Defendants have, and continue to induce infringement and/or contribute to infringement of the reexamined 151 patent under 35 U.S.C. § 271 (b) and/or (c), by making, using, distributing, endorsing, selling, offering for sale, and/or importing systems, components, and/or methods for substitute placement, including without limitation, systems, components, and/or methods associated with WillSub.

30. Defendants' conduct, alone or in concert with third parties, has caused and will continue to cause, Frontline irreparable harm to its business, reputation and goodwill, and such conduct will continue unless enjoined by this Court.

31. Defendants, by acts of infringement, alone or in concert with third parties, have damaged Frontline and unlawfully derived profits and gains, which Frontline would otherwise have received and to which Frontline is entitled.

32. Upon information and belief, Defendants' infringement was, and continues to be, willful, entitling Frontline to trebled damages.

33. Defendants' infringement renders this case exceptional within the meaning of 35 U.S.C. § 285, entitling Frontline to recover its attorney fees and expenses.

**COUNT FOR INFRINGEMENT OF THE 519 PATENT**

34. Frontline incorporates herein the allegations set forth in paragraphs 1-33 above.

DETR_1475838.1

35. This is a cause of action for infringement of the 519 patent and arises under the Patent Laws of the United States, 35 U.S.C. § 271.

36. Upon information and belief, Defendants have infringed and continue to infringe the 519 patent under at least 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by making, using, selling, and/or offering to sell in the United States, and/or importing into the United States, systems, components, and/or methods for substitute placement, including without limitation, systems, components, and/or methods associated with WillSub.

37. Upon information and belief, Defendants have, and continue to induce infringement of and/or contribute to infringement of the 519 patent under 35 U.S.C. § 271 (b) and/or (c), by making, using, distributing, endorsing, selling, offering for sale, and/or importing systems, components, and/or methods for substitute placement, including without limitation, systems, components, and/or methods associated with Willsub.

38. Defendants' conduct, alone or in concert with third parties, has caused and will continue to cause, Frontline irreparable harm to its business, reputation and goodwill, and such conduct will continue unless enjoined by this Court.

39. Defendants, by acts of infringement, alone or in concert with third parties, have damaged Frontline and unlawfully derived profits and gains, which Frontline would otherwise have received and to which Frontline is entitled.

40. Upon information and belief, Defendants' infringement was, and continues to be, willful, entitling Frontline to trebled damages.

41. Defendants' infringement renders this case exceptional within the meaning of 35 U.S.C. § 285, entitling Frontline to recover its attorney fees and expenses.

**JURY TRIAL DEMAND**

42.     Frontline hereby demands trial by jury.

WHEREFORE, Frontline respectfully requests:

A.     Entry of final judgment that Defendants have infringed the reexamined 151 patent, induced others to infringe the reexamined 151 patent, and contributed to others infringement of the reexamined 151 patent;

B.     Entry of an order preliminarily and permanently enjoining Defendants and those in active concert with them, from further infringement, inducement of infringement, and contributory infringement of the reexamined 151 patent;

C.     An award of damages adequate to compensate Frontline for all acts of infringement of the reexamined 151 patent, but in no event less than a reasonable royalty, together with prejudgment and post-judgment interest and costs as fixed by the Court, and that such damages be trebled pursuant to 35 U.S.C. § 284;

D.     Entry of final judgment that Defendants have infringed the 519 patent, induced others to infringe the 519 patent, and contributed to others infringement of the 519 patent;

E.     Entry of an order preliminarily and permanently enjoining Defendants and those in active concert with them, from further infringement, inducement of infringement, and contributory infringement of the 519 patent;

F.     An award of damages adequate to compensate Frontline for all acts of infringement of the 519 patent, but in no event less than a reasonable royalty, together with prejudgment and post-judgment interest and costs as fixed by the Court, and that such damages be trebled pursuant to 35 U.S.C. § 284;

G.     A declaration that this is an exceptional case and for an award to Frontline of its attorneys' fees incurred in prosecuting this action, as provided by 35 U.S.C. § 285; and

H.	Such other and further relief as the Court deems just and proper.

Respectfully submitted,

FOLEY & LARDNER LLP

Dated:  September 30, 2010

/s/ Ryan S. Bewersdorf
Jason D. Menges (P64228)
Ryan S. Bewersdorf (P66411)
500 Woodward Avenue, Suite 2700
Detroit, Michigan 48226
(313) 234-7100
jmenges@foley.com
rbewersdorf@foley.com

*Of counsel:*

John P. Donohue, Jr. (Atty. ID # 25703)
John E. McGlynn (Atty. ID # 79661)
Woodcock Washburn LLP
Cira Centre – 12th Floor
2929 Arch Street
Philadelphia, PA 19103
(215) 568-3100

R. Scott Tewes (Ga. Bar No. 702677)
Tewes Law Group LLC
Sugarloaf Corporate Center
2180 Satellite Blvd., Suite 400
Duluth, GA 30097
(678) 382-0388

*Attorneys for Frontline Placement Technologies, Inc.*

9

## CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2010, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

/s/ Ryan S. Bewersdorf
Ryan S. Bewersdorf (P66411)
FOLEY & LARDNER LLP
500 Woodward, Suite 2700
Detroit, MI 48226-4443
Telephone:  (313) 234-7100
rbewersdorf@foley.com

DETR_1475838.1