UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRONTLINE PLACEMENT
TECHNOLOGIES, INC.,

        Plaintiff,                        Case No. 07-cv-14872
                                                Judge Paul D. Borman

v.                                              Magistrate Judge Virginia M. Morgan

PMP WILLSUB, LLC, *et al*.

        Defendants.

---

WEST EDUCATIONAL LEASING, INC.,
d/b/a PCMI WEST,                    Case No. 10-cv-10804
                                                Judge Paul D. Borman
        Plaintiff/Counter-Defendant,    Magistrate Judge Virginia M. Morgan

v.

FRONTLINE PLACEMENT
TECHNOLOGIES, INC.

        Defendant/Counter-Plaintiff.

---

## **FRONTLINE PLACEMENT TECHNOLOGIES, INC.'S MOTION TO ENFORCE ORDER**

Plaintiff Frontline Placement Technologies, Inc. ("Frontline") moves this Court for an order under Rule 37(b) of the Federal Rules of Civil Procedure and the Court's inherent authority, requiring Defendants PMP Willsub, LLC; PMP Education Partners, Inc.; and Professional Medical Placement, Inc. d/b/a/ PMP Corporation (hereinafter collectively "PMP") to comply with Paragraph 6 of this Court's October 7, 2010, Order by producing the documents and answering the interrogatories as required by that Order. Plaintiff relies on the facts and law set forth in the accompanying brief and Declaration of Counsel in support of this motion.

Pursuant to Local Rule 7.1(a), on November 30, 2010, counsel for Plaintiff advised counsel for the opposing parties of this motion. Counsel for Plaintiff requested but did not obtain concurrence in the relief sought by this motion.

          Respectfully submitted,

          **FOLEY & LARDNER LLP**

          /s/ Ryan Bewersdorf
          Jason D. Menges (P64228)
          Ryan S. Bewersdorf (P66411)
          One Detroit Center
          500 Woodward Ave., Suite 2700
          Detroit, Michigan 48226-4443
          (313) 234-7100
          jmenges@foley.com
          rbewersdorf@foley.com
          *Attorneys for Plaintiff Frontline Placement Technologies, Inc.*

          *Of Counsel*

          Scott Tewes
          Tewes Law Group LLC
          Sugarloaf Corporate Center
          2180 Satellite Blve., Suite 400
          Duluth, Georgia 30097
          (678) 382-0388

Dated: December 8, 2010

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| FRONTLINE PLACEMENT TECHNOLOGIES, INC., | |
| Plaintiff, | Case No. 07-cv-14872 |
| | Judge Paul D. Borman |
| v. | Magistrate Judge Virginia M. Morgan |
| PMP WILLSUB, LLC, *et al*. | |
| Defendants. | |

| | |
|---|---|
| WEST EDUCATIONAL LEASING, INC., d/b/a PCMI WEST, | Case No. 10-cv-10804 |
| | Judge Paul D. Borman |
| Plaintiff/Counter-Defendant, | Magistrate Judge Virginia M. Morgan |
| v. | |
| FRONTLINE PLACEMENT TECHNOLOGIES, INC. | |
| Defendant/Counter-Plaintiff. | |

### FRONTLINE PLACEMENT TECHNOLOGIES, INC.'S BRIEF IN SUPPORT OF MOTION TO ENFORCE ORDER

i

## STATEMENT OF ISSUE PRESENTED

1. Should this Court grant Plaintiff Frontline Technologies, Inc.'s motion to enforce the Court's October 7, 2010, Order, which required the PMP Defendants to "produce documents sought by Frontline's First Set of Document Requests, served July 21, 2010, and answer Frontline's First Set of Interrogatories, served July 21, 2010, within twenty (20) days" of the date of the Order?

   Plaintiff Frontline Technologies, Inc. says "Yes"

# **CONTROLLING AUTHORITY**

Federal Rules of Civil Procedure 37(b)(2)(A) and (C)

DETR_1508755.1

I.   **INTRODUCTION**

This Court should enforce its October 7, 2010, Order by requiring PMP Willsub, LLC and the other Defendants (collectively "PMP") to produce the documents and answer the interrogatories as provided by the Order.  Despite numerous requests, promises, and even the Court's October 7, 2010, Order specifying a date in October for producing of documents and answering interrogatories, PMP still has not responded to discovery served in July 2010.  PMP has no legitimate excuse for its failure to comply with the Court's Order.  Accordingly, Frontline Placement Technologies, Inc. ("Frontline") requests that the Court enforce its October 7, 2010 Order and require PMP to pay the expenses and attorneys fees resulting from PMP's noncompliance.

II.   **RELEVANT FACTS**

On July 21, 2010, Frontline served Frontline's First Set of Interrogatories (No. 1-4) (Ex. A) and Frontline's First Set of Document Requests (No. 1-7) (Ex. B) by hand delivery on counsel PMP in Case No. 07-cv-14872. (Ex. C, Declaration of Counsel at ¶ 1.)  PMP's counsel was involved in a trial at the time the responses to Frontline's discovery requests were due. Counsel for Frontline agreed to extend the time for PMP to respond to the requests, but asked that PMP respond to the discovery by September 20, 2010.  (*Id*. at ¶ 2 and its Ex. 1).  PMP did not, however, respond to the discovery requests by the September 20, 2010 deadline.

In late September 2010, counsel for West Educational Leasing, Inc. ("PCMI") in Case No. 10-cv-10804 proposed that the parties agree to consolidation of Case Nos. 07-cv-14872 and 10-cv-10804 and a stay of both cases pending proceedings in another case involving infringement of Frontline patents at issue in these cases.  (*Id*. at ¶ 3.)  Frontline did not oppose the request to consolidate and stay the cases, provided that Frontline nevertheless received the discovery already past due from PMP.  (*Id*. at ¶ 4 and its Ex. 2.)

1

Counsel for Frontline anticipated that some of the information sought in discovery might be considered confidential by the producing party and offered to "treat PMP documents produced before the formal entry of a protective order as 'attorneys-eyes-only' documents." (*Id.* at ¶ 5.)

The parties agreed that PMP would be required to provide the discovery sought by Frontline within twenty days of the entry of an Order Consolidating and Staying the pending cases.  PCMI's counsel prepared the proposed Stipulation and Order Consolidating and Staying Cases and added the following language at Frontline's request:

> 6.  Notwithstanding entry of the stay, PMP WillSub agrees that they shall produce documents sought by Frontline's First Set of Document Requests, served July 21, 2010, and shall answer Frontline's First Set of Interrogatories, served July 21, 2010, within twenty (20) days of the date of this Order.

(Stipulation and Order Consolidating and Staying Cases, October 7, 2010 [Docket No. 26]; *Id.* at ¶ 6.)  The Court signed the Order on October 7, 2010.

Counsel for PMP did not provide the discovery as ordered within twenty days of the date of the Stipulation and Order.  Counsel for PMP first attributed the delay to difficulty in obtaining the documents from an attorney who had departed from the Giarmarco firm.  (*Id.* at ¶ 7.)  This issue apparently was resolved by November 11, 2010, as counsel for PMP reported that he had the documents ready to deliver.  (*Id.* and its Ex. 3.)

Counsel for PMP next requested that counsel for Frontline confirm that the confidentiality of any confidential information produced be preserved in the absence of a formal protective order.  This counsel for Fronline did by letter on November 15, 2020.  (*Id.* at ¶ 9 and its Ex. 4.)

2

Counsel for PMP then stated that counsel for PCMI had questions about the confidentiality of information that PMP planned to produce and requested a conference call on November 17, 2010, to discuss this issue.  At the end of the call, counsel for PCMI planned to review the documents (already imaged on a DVD and ready for production by PMP) and inform counsel for Frontline by the end of the next week if there were any concerns. (*Id*. at ¶ 10.)  By November 30, 2010, Counsel for Frontline had received no further communication from counsel for PCMI, nor had PMP complied with the Stipulation and Order.  (*Id*. at ¶ 11.)

On Tuesday, November 30, 2010, Counsel for Frontline informed counsel for PMP and PCMI that Frontline expected to bring the matter to the Court's attention if the information was not received by Frontline's counsel by December 3, 2010.  (*Id*. at ¶ 12 and its Ex. 5.)  PCMI's counsel responded with a two-sentence e-mail stating that she expected to get the issue resolved by the end of the week.  (*Id*., and its Ex. 6.)  Counsel for Frontline did not receive the discovery from PMP by Friday, December 3, 2010, or before the date of this motion.  (*Id*. at ¶ 13.)  Similarly, Counsel for Frontline did not receive any communication from counsel for PCMI by Friday, December 3, 1010, or before the date of this motion.  (*Id*.)  On December 6, 2010, Counsel for Frontline telephoned counsel for PMP, left a voicemail message, but received no response.  (*Id*. at ¶ 14.)

### III.  ARGUMENT

PMP consented to an Order that required it to produce documents and serve interrogatory answers within twenty days of the date of the Order.  The Court signed the Order on October 7, 2010, making the document production and interrogatory answers due on October 27, 2010, notwithstanding the imposition of a general stay of the consolidated cases.  Despite several requests from Frontline's counsel for the information and written assurances that it would be

kept confidential on an "attorneys-eyes-only" basis, PMP has not complied with the Court's Order. There is no legitimate basis for PMP's continued delay. At this point, Frontline seeks production of the documents, answers to the interrogatories, and payment of the costs and expenses of this motion, including attorney's fees. Rule 37(b)(2)(A) and (C) of the Federal Rules of Civil Procedure supports granting the relief sought -- as well as several harsher sanctions.

## IV.    CONCLUSION

Under the Court's October 7, 2010, Order, PMP's obligation to produce documents and answer interrogatories is clear. Accordingly, for all of the foregoing reasons, Frontline respectfully requests that the Court enforce its October 7, 2010, Order and require PMP to pay Frontlines costs and expenses caused by PMP's noncompliance.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | **FOLEY & LARDNER LLP** |
|  | /s/ Ryan Bewersdorf<br>Jason D. Menges (P64228)<br>Ryan S. Bewersdorf (P66411)<br>One Detroit Center<br>500 Woodward Ave., Suite 2700<br>Detroit, Michigan 48226-4443<br>(313) 234-7100<br>jmenges@foley.com<br>rbewersdorf@foley.com<br>*Attorneys for Plaintiff Frontline Placement Technologies, Inc.* |
|  | *Of Counsel* |
| Dated:  December 8, 2010 | Scott Tewes<br>Tewes Law Group LLC<br>Sugarloaf Corporate Center<br>2180 Satellite Blve., Suite 400<br>Duluth, Georgia 30097<br>(678) 382-0388 |

4

## CERTIFICATE OF SERVICE

I hereby certify that on December 8, 2010, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

                                          /s/ Ryan S. Bewersdorf
                                          Ryan S. Bewersdorf (P66411)
                                          FOLEY & LARDNER LLP
                                          500 Woodward, Suite 2700
                                          Detroit, MI 48226-4443
                                          Telephone:  (313) 234-7100
                                          rbewersdorf@foley.com

DETR_1508755.1